```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS


MICHAEL BARRY,                      )
        Plaintiff                   )
                                    )
        v.                          ) C.A. NO. 12-CV-30182-MAP
                                    )
CITY OF PITTSFIELD, ET AL.,         )
        Defendants                  )
```

### MEMORANDUM AND ORDER REGARDING DEFENDANTS' MOTION TO DISMISS OR BIFURCATE, AND PLAINTIFF'S MOTION TO AMEND COMPLAINT
(Dkt. Nos. 10 & 14)

March 4, 2013

**PONSOR, U.S.D.J.**

This action arises from the shooting of Plaintiff by an officer of the Police Department of the City of Pittsfield on November 3, 2010. Plaintiff has sued the officer alleged to have done the shooting, Christopher Collello, and has brought claims for supervisory liability against the Chief of Police, Michael Wynn, and for municipal liability against the City of Pittsfield. The complaint includes claims under both 42 U.S.C. § 1983 and Mass. Gen. Laws ch. 258.

Just prior to hearing, Plaintiff agreed to dismiss voluntarily the claims of supervisory and municipal liability as set forth in Counts V and VI. Based on this, Defendants' motion to dismiss these two counts is hereby ALLOWED, without opposition. In addition, a review of Plaintiff's Motion to

Amend suggests that it was intended merely to develop the claims of supervisory and municipal liability now dismissed. As a result, the court hereby DENIES the Motion to Amend, without prejudice. The Motion to Dismiss contained a request for an alternate remedy, bifurcation. That aspect of the motion is hereby DENIED, as moot.

The Motion to Dismiss is otherwise DENIED. Although certain aspects of Plaintiff's Ch. 258 claim may be frail, it is more prudent to consider these vulnerable counts at the summary judgment stage.

In sum, the Motion to Dismiss or to Bifurcate (Dkt. No. 10) is hereby ALLOWED as to Counts V and VI, and otherwise DENIED. The Motion to Amend (Dkt. No. 14) is hereby DENIED, without prejudice.

At the conclusion of the hearing the court, with counsel's assistance, established a schedule to carry the case through the first stage of discovery up to a status conference. The court has this day issued a separate preliminary Pretrial Scheduling Order.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
United States District Judge